UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

MARILYN MAY SLONIKER and
PEDRO BALDERRAMO JUSTO,

Case No. 25-10673-7

Debtors.

---

### DECISION ON JOHN DEERE FINANCIAL, DEERE & COMPANY'S MOTION FOR RELIEF FROM STAY AND ABANDONMENT

Debtors Marilyn May Sloniker and Pedro Balderramo Justo ("Debtors") filed a voluntary Chapter 7 petition on March 26, 2025. Along with the petition, they filed schedules, a statement of financial affairs, means test, employee income records, and other miscellaneous documents. Deere & Company and John Deere Financial, f.s.b., d/b/a John Deere Financial ("Deere"), moved for relief from the automatic stay to exercise its rights and remedies with respect to the equipment—a tractor and mower deck (collectively, the "Property")—under its documents. It also asked for abandonment by the Trustee of the Property from the estate.[1] The Court held a hearing on the motion on May 15, 2025.

#### FACTS

Deere and Marilyn Sloniker entered into a security agreement in May 2021, whereby Deere financed the acquisition of a John Deere 1025R Tractor

---

[1] Case No. 25-10673, ECF No. 21.

("Tractor Agreement").[2] Then in July 2023, Sloniker opened a revolving Line of Credit ("LOC") with Deere. Under the LOC, Sloniker purchased a 2WD Gas 61" Deck.[3] Ms. Sloniker acknowledged at the hearing that she signed the Tractor Agreement, and the purchase agreement for the mower deck bears her signature. She also agrees she made payments on these obligations until October 2023.[4]

As of the petition date, the balance due was no less than $14,252.64 under the Tractor Agreement, plus additional interest, attorney's fees, and collection costs. Also, as of the petition date, $20,541.25 was owed under the LOC, plus additional interest, attorney's fees, and collection costs.

Collectively, Ms. Sloniker owes Deere a total of $34,793.89 on the two agreements. The Debtors have said in their schedules that the value of the equipment is $15,000.[5] Deere also believes the value of the equipment is worth less than what is owed and accepts Debtors' value for the purpose of its motion. Since the petition date, Ms. Sloniker has not made a payment on either obligation.

In response, Ms. Sloniker testified there were no loans, that the creditor was her and not Deere, and that unspecified "fraud" was committed. She says

---

[2] Case No. 25-10673, ECF No. 89-1, Deere Ex. 1.

[3] Case No. 25-10673, ECF No. 89-2, Deere Ex. 2.

[4] Throughout its motion, Deere maintains that "Debtors" owe money on the agreements, but the Tractor Agreement and LOC were only executed by Marilyn Sloniker.

[5] ECF No. 1, Schedule A/B, line 4.1, p. 19 of 80. This values only the Tractor. The mower is not specifically or separately scheduled or valued by Debtors.

2

Deere doesn't have a lien on the property. Further, she says that all bills are paid by a trust the government holds under her Social Security number. She says it was sometime after October 2023 that she learned about the trust, that there was no debt, stopped making payments, and began taking steps to protect her property. These steps included preparing and filing with the government a security agreement between herself and a trust she created for the property, sending cease and desist letters to Deere under HJR 192 (1933), and preparing and filing with the IRS Forms 1099-A, 1099-B, and 1099-C to demonstrate Deere was not owed anything. She also says that she has an injunction against Deere, and that Deere has several legal issues pending against them.[6]

## DISCUSSION

This Court has jurisdiction over relief from stay under 28 U.S.C. § 1334. The United States District Court for the Western District of Wisconsin's Administrative Order 161, under the authority of 28 U.S.C. § 157(a), refers proceedings arising under or related to Title 11 of the United States Code to this Court. Venue is proper in this Court as provided by 28 U.S.C. §§ 1408 and 1409(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as it concerns administration of the estate. This Court does not have jurisdiction to hear or consider any violations of Title 18 of the United States Code.

---

[6] The issues she identifies are her claims that there are various violations of provisions of Title 18 of the United States Code, Truth-in-Lending, the UCC, and the Sherman Act. The injunction she refers to is a District Court complaint form asking for an injunction she filed in this Court. Other issues are a complaint she filed with the FBI outlining crimes she says have been committed.

3

In any hearing concerning relief from the stay, the party requesting the relief has the burden of proof by a preponderance of the evidence on the issue of the debtor's equity in the property. The party opposing the relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

Code section 362(d) provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay for cause, including the lack of adequate protection of an interest in property of such party in interest. Alternatively, relief from stay may be granted if the debtor doesn't have equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(1), (2).

In this case, the evidence on the record shows that Ms. Sloniker signed the documents evidencing the debt and security interests. She admits it is her signature on these documents.

Deere is owed at least $13,909.14 from the Tractor Agreement,[7] and $8,575.66 under the LOC.[8] These amounts are likely higher since the transaction histories' last entries are in October 2023 (Tractor Agreement) and December 2023 (LOC). A representative from Deere with knowledge of its business records testified at the hearing that Deere is entitled to recover attorney fees under the agreements, although no attorney fees are sought with their motion. She also testified that Deere's transaction histories show that no payments have been made on either debt since this case was filed.

---

[7] Motion for Relief, ECF No. 21, Ex. A, p. 9 of 9.
[8] *Id.,* Ex. B, p. 5 of 7.

Ms. Sloniker agreed in her testimony that the last payment made was in October 2023. Debtors valued the Property at $15,000. For the purpose of its motion, Deere does not dispute this value. Since no payments have been made on these secured debts since the petition was filed and the balances are greater than the value, relief from stay under section 362(d)(1) is appropriate because Deere lacks adequate protection.

Debtors' schedules show that the collective value of the collateral is $15,000.[9] Deere's transaction histories show that it is owed at least $22,484.80 in total. Thus, there is no equity in the property beyond what is owed to Deere. So Deere has satisfied its burden of establishing under section 362(d)(2) that Debtors lack equity in the property and the property isn't necessary for an effective reorganization. It is Deere's burden to show lack of equity, and it has done so. Thus, the burden shifts to Debtors to show that the property is necessary for an effective reorganization. 11 U.S.C. § 362(g).

Debtors' only argument in the record and at the hearing is that there is no debt owed to Deere. Ms. Sloniker says this is confirmed by the various 1099s she prepared and filed claiming that the debt was discharged. Ms. Sloniker also repeatedly stated that she has revoked her citizenship, has special status, and is an "original creditor." Her argument is that the funds to purchase the Property actually came from the trust created by the government

---

[9] Schedule A/B, ECF No. 1, p. 19 of 80.

5

for her benefit. That trust, she says, was controlled by the government until she terminated it when she revoked her citizenship.

The Court will not entertain these arguments. *See In re Wallace*, Case No. 24-00315, 2024 Bankr. LEXIS 1789, at *21, 2024 WL 3648551, at *6 (Bankr. N.D. Iowa Aug. 2, 2024). As noted in *Wallace*, there is no arguable basis in American law or caselaw decisions to support these arguments.

Further, it's Debtors' burden to show that the property is necessary for an effective reorganization, which they failed to carry. They haven't stated, let alone introduced evidence, that the Property is necessary to an effective reorganization.

Deere's motion is granted. It satisfied its burden under 11 U.S.C. § 362(g) and Debtors failed to satisfy their burden under that statute.

It is also possible to question whether relief from stay is even necessary. Courts are divided on whether, in a second bankruptcy within a year of dismissal of a prior case, the stay terminates on the 30th day after filing the second case. Code section 362(c)(3) provides that

> if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case.

11 U.S.C. § 362(c)(3)(A) (emphasis added).

6

The divide among courts centers on the meaning of the phrase "with respect to the debtor." The majority view has interpreted the phrase to mean that once the 30-day period lapses, the automatic stay only terminates with respect to non-estate property of the debtor, and remains in effect for property of the estate. *See, e.g., In re Holcomb*, 380 B.R. 813 (B.A.P. 10th Cir. 2008); *In re Jumpp*, 356 B.R. 789 (B.A.P. 1st Cir. 2006); *In re Roach*, 555 B.R. 840 (Bankr. M.D. Ala. 2016). Other courts, including courts in the Seventh Circuit, have determined that the stay terminates as to all the debtor's property, whether or not it is part of the bankruptcy estate. *See, e.g., In re Wade,* 592 B.R. 672 (Bankr. N.D. Ill. 2018); *In re Daniel*, 404 B.R. 318 (Bankr. N.D. Ill. 2009); *In re Curry,* 362 B.R. 394 (Bankr. N.D. Ill. 2007).

The court in *In re Daniel* ultimately landed on a "spousal-exclusion" interpretation of section 363(c)(3). This interpretation means that the stay is terminated for *all* collection actions, but only towards a debtor or debtors who are subject to the termination. 404 B.R. at 326. When one spouse had one or more prior bankruptcies, but the other spouse had none, "the phrase 'with respect to the debtor' can be read as referring to the serially-filing spouse, making that debtor subject to collection actions, both *in personam* and *in rem* (against estate and non-estate property) while leaving the stay completely in effect as to the newly-filing spouse's person and property." *Id.*

The plain language of the statute is in concert with the minority view and the history of the statute. The statute says, "[T]he stay under subsection (a) with respect to a debt or property securing such debt . . . shall terminate with

7

respect to the debtor." 11 U.S.C. § 362(c)(3)(A). It does not say, "with respect to non-estate property of the debtor." It makes no reference at all to property. The majority view has the effect of reading out any utility for relief for secured creditors. It ignores the language that refers to property securing such debt.

Pursuant to 11 U.S.C.A. § 362(a), the filing of a petition for bankruptcy relief creates an automatic stay of all creditor actions with respect to (1) the debtor, (2) property of the debtor excluded from the debtor's bankruptcy estate, and (3) property of the debtor's bankruptcy estate. In light of this broad stay and the ability of a debtor to file a successive bankruptcy case following the dismissal of a prior case, there were concerns that debtors were abusing the bankruptcy system by filing successive bankruptcy cases in order to frustrate creditors' collection actions and, in particular, to prevent secured creditors from foreclosing on their collateral.

The National Bankruptcy Review Commission discussed this concern saying:

> Some debtors file for chapter 13 . . . on the eve of a foreclosure or eviction for the sole purpose of delaying the state legal process. When the threat passes, they dismiss their cases, only to file again when the mortgagee or landlord brings another legal action to seize control of the property. The ability to file repeatedly for chapter 13 relief increases a debtor's leverage in negotiations with creditors. In regions where this problem is particularly acute, judges have devoted significant time and resources to developing tools to address this problem.[10]

---

[10] Nat'l Bankr. Review Comm'n, Report of the National Bankruptcy Review Commission § 1.5.5, p. 279 n. 733 (footnotes omitted) (Oct. 20, 1997), available at http://govinfo.library.unt.edu/nbrc/reportcont.html.

Discussion and reports on the issue followed.[11] Even when the statute was finally revised, the 2005 legislative history still contains no indication that its scope was intended to apply only to the debtor and not to estate property. "Section 302 of the Act amends section 362(c) of the Bankruptcy Code to terminate the automatic stay within 30 days in a Chapter 7, 11, or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within the preceding one-year period."[12]

If the stay is intended to terminate as to the debtor only, then why does the preceding language make specific mention of "debt or property securing debt"? There is no legitimate way to reconcile these phrases so as to make the entire section read harmoniously with no inconsistencies, no superfluities, and no absurdities. As noted by one court:

> Reading the phrase "with respect to the debtor" as an all-property exclusion would make § 362(c)(3)(A) oxymoronic, terminating the stay as to "any action taken with respect to . . . property securing [a] debt," but at the same time, as limited by the phrase, not terminating the stay as to any property.

*In re Daniel*, 404 B.R. at 322.

The motion before this Court fits squarely into this interpretation. Deere seeks relief from the stay in order to pursue its rights and remedies to the Property. The Tractor Agreement and the LOC grant security interests in the

---

[11] House Judiciary Committee issued Report No. 105-540, on H.R. 3150, "The Bankruptcy Reform Act of 1998." Section 121; H.R. Rep. No. 109-31(1), at 69 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 138.

[12] H.R. Rep. No. 109-31(1), at 69 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 138.

9

Property to secure the debt. So the motion is for relief "with respect to the debtor" as to an "action taken to property securing such debt."

All property of the debtor is property of the estate, so there is no reason relief from stay would be needed for non-estate property. Further, the estate and a disinterested and a bona fide Chapter 7 trustee have their own rights, obligations, and interests with respect to property of the estate. Without abandonment, the interests of the trustee and estate remain. If there turns out to be equity above the debt, it remains subject to those interests. From the standpoint of avoiding doubt, it is understandable that Deere would request relief from stay from this Court, rather than attempting to repossess the collateral on an assumption that the stay had been terminated under section 362(c)(3) only to have the issue raised in a state court unfamiliar with the Bankruptcy Code.

And it could also be argued there *may not* be any stay if the Property is property of a non-debtor trust, as Ms. Sloniker seems to suggest. In their Schedule A/B (ECF No. 1, p. 19 of 80), Debtors list a 2022 John Deere tractor with a value of $15,000 as being a "discharge debt" and "trust property." If it is in fact trust property, as Ms. Sloniker claims, the automatic stay wouldn't be in place because the trust is not a debtor in bankruptcy, nor a codebtor. *See* 11 U.S.C. § 362(a)(1)–(8).

Nonetheless, relief from stay would be appropriate because Ms. Sloniker was the borrower and original owner of the Property. It was not until some time

10

after the Tractor Agreement and LOC that she claimed the Property became part of the trust she says she created.[13]

Even if the case is a second filing within the statutory time from dismissal of the prior case without a continuation of the stay, motions for relief from stay or confirmation of the termination are common. Given that the potential penalties for violations of the stay can be substantial, cautious practitioners frequently seek assurance that the stay has terminated. Orders terminating the stay or confirming the termination also provide additional confirmation to any state court handling cases involving the debtor or property securing a debt.

Finally, the Court has determined it will dismiss this case for willful failure to comply with a court order in her prior case. While the prior case was not dismissed as to Mr. Justo, he holds no equity in the Property for the same reasons Ms. Sloniker has no equity. Further, there is no evidence in this Chapter 7 that it is necessary for his reorganization and there is a lack of adequate protection. Any defenses that Ms. Sloniker believes exist can be brought in the state court or another court with jurisdiction over the theories of defense.

As to abandonment, Code section 554 provides that, on request of a party in interest and after notice and a hearing, the court may order the trustee

---

[13] The trust is the same agreement she has refused to produce, arguing it is private. This refusal was one of the items that resulted in the revocation of her discharge in the 2024 bankruptcy and dismissal of that case.

to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. Deere's collateral is of inconsequential value and benefit to Debtors' bankruptcy estate since there is no equity in the property over and above what is owed to Deere. Thus, the Court grants Deere's request for abandonment of the trustee's interest.

## CONCLUSION

The Motion for Relief from Stay and Abandonment is granted.

This decision constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: May 21, 2025

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge