UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

*In re*:

MARILYN MAY SLONIKER and
PEDRO BALDERRAMO JUSTO,

Case No. 25-10673-7

Debtors.

---

### DECISION ON UNITED STATES TRUSTEE'S MOTION TO DISMISS

Debtors Marilyn May Sloniker and Pedro Balderramo Justo ("Debtors") filed this case on March 26, 2025. It followed on the heels of the voluntary Chapter 7 they filed on June 13, 2024.[1]

Initially a discharge was granted to both debtors in the 2024 case. The day after the entry of a discharge in that case, the Chapter 7 trustee issued a notice of probable assets. Two days later, the trustee sent correspondence to the Debtors identifying information that was requested. About three weeks later, Chapter 7 Trustee Brian Hart moved to compel production of certain documents that had been requested.[2]

Shortly after, Ms. Sloniker filed what might be thought of as a form of response to the various matters before the Court.[3] It consisted of 652 pages beginning with a request that the Chapter 7 trustee be removed due to what she characterized as a "conflict of interest," indicating her belief that there was

---

[1] Case No. 24-11196.

[2] *Id.*, ECF No. 58.

[3] The item was titled "Affidavit in Support." Case No. 24-11196, ECF No. 70.

a conspiracy against her. The first page of the document also complained about matters related to other creditors, a dispute with a bank, and various requests for extensions of time, cancellation of a hearing, and references to having an investigation undertaken. The filing did not directly address or specifically refer to the motion to compel. This filing heralded much of the argument and filings in the present case.

The Court held a hearing on the motion to compel production on November 5, 2024. The Debtors appeared. Among the documents that were requested was a trust created by Ms. Sloniker and copies of correspondence with an individual she paid in connection with advice he provided. She refused to produce a copy of the complete trust document and stated she would not do so even if ordered by the Court.

The motion to compel was granted.[4] The Debtors were ordered to turn over all requested information on or before November 19, 2024.

Debtors did not produce the documents even when ordered to do so by the Court. An adversary proceeding was filed seeking revocation of Ms. Sloniker's discharge. No answer was filed and a motion for default judgment followed. A hearing on the motion was conducted and, although the request only sought revocation of Marilyn Sloniker's discharge, both Debtors appeared.

---

[4] Case No. 24-11196, ECF No. 72.

The Court granted the motion for default judgment after hearing argument from the United States Trustee and Ms. Sloniker. Her discharge was revoked for failure to comply with the Court-ordered production.

Later, a motion to dismiss the main case was filed. It was granted recognizing the dismissal was as to Ms. Sloniker and did not affect the discharge granted to Mr. Justo.[5]

The current Chapter 7 petition was filed one week after the dismissal of the prior case. The United States Trustee moved to dismiss the case on April 1. The Court agrees the United States Trustee has satisfied its burden of proof and will dismiss Marilyn Sloniker from the case.

## FACTS

In the prior case, the Court held a hearing on Trustee Hart's motion to compel on November 5, 2024.[6] Ms. Sloniker stated that she would not turn over information relating to her trust, even if ordered to do so by the Court. The Court ordered the Debtors to turn over all requested information before November 19. After the hearing, the United States Trustee filed an objection to Debtors' request to remove Trustee Hart. On November 18, Debtors requested an extension of time to file amended schedules.

---

[5] Case No. 24-11196, ECF No. 119.

[6] At the same hearing, the Court considered an objection to the Debtors' claims of exemption and their request for additional time to amend Schedule C. The Court granted the request and extended the time to amend schedules to November 19, 2024. Case No. 24-11196, ECF No. 73. A request for additional time was filed on November 18, 2024, and the Court granted a further extension to January 6, 2025. ECF No. 92.

The Court held a hearing on Debtors' "Affidavit" on December 3. The Court then issued a decision denying Debtors' request to remove Trustee Hart.[7] And Debtors filed an unsigned amended Schedule C on January 6, 2025.

On December 11, the United States Trustee filed an adversary proceeding against Debtor Marilyn Sloniker individually, seeking a revocation of her discharge under Code section 727(d)(3) for violating the Court's order on Trustee Hart's motion to compel. Ms. Sloniker failed to respond, and the U.S. Trustee moved for default judgment. The Court held a hearing on the motion for default judgment on February 18.

Debtor appeared but provided an insufficient response for reasons she failed to answer the complaint. Her explanations were:

- "I didn't know I was supposed to send any response. I had no clue. I don't understand what this proceeding is even for."[8]
- "I filed multiple documents in lieu of not agreeing with what was being done, and you guys ignore every single document I have submitted."[9]

Her ultimate response was that (1) everything was an asset of her trust; (2) her trust is private; (3) she has contracts with her trust; (4) attempts to

---

[7] Case No. 24-11196, ECF Nos. 98 and 99.

[8] Adv. No. 24-00067, Transcript of Hearing, ECF No. 19, p. 4, lines 24–25, and p. 5, line 1.

[9] *Id.*, p. 8, lines 11–13.

4

obtain information violate her trust; (5) she filed paperwork with the IRS that established various facts; and (6) information about her trust is not public. She argued that trying to obtain the information violated various laws including the Sherman Act, provisions of the UCC, and various federal criminal statutes.

After finding that the summons and complaint were properly served and that Ms. Sloniker failed to respond, and after considering her arguments on the record, the Court granted default judgment and revoked Ms. Sloniker's discharge.

Later in February, Trustee Hart moved to dismiss the case for failure to comply with the Court-ordered motion to compel. Trustee Hart said that he still hadn't received a copy of Ms. Sloniker's living trust, an inventory of the property in the trust, and contact information or correspondence for an individual she's been paying for legal help. No response was filed, and the Court granted the motion on March 19.

Debtors filed this bankruptcy case a week later, on March 26. The U.S. Trustee moved to dismiss the case. The U.S. Trustee argues that Ms. Sloniker is ineligible to be a debtor under Code section 109(g) since she failed to comply with the Court's order on Trustee Hart's motion to compel in the prior case. The U.S. Trustee clarified at the hearing in the current case that the discharge of Mr. Justo had not been revoked, was in place, and dismissal under section 109(g) was not sought with regard to him.

In response to the motion in this case, Ms. Sloniker argued that Trustee Hart threatened her and that her trust documents were not subject to

5

turnover. She argued that Debtors' debts "have been cancelled by the IRS in the previous bankruptcy case," that they have been the victims of fraud, and various other grounds.[10] Ms. Sloniker repeated this position at the hearing both in argument and her testimony.

The Court held a hearing on the matter on May 14. The U.S. Trustee called Trustee Hart as a witness, and he testified as to his actions in the prior case. Ms. Sloniker testified on her own behalf. In closing, the U.S. Trustee clarified that the motion did not distinguish between the Debtors, and that it was only seeking dismissal as to Ms. Sloniker. The Court noted that Mr. Justo had received a discharge in the prior case, and Debtors acknowledged that Mr. Justo would thus be ineligible for another Chapter 7 discharge in this case.

## DISCUSSION

This Court has jurisdiction over this matter under 28 U.S.C. § 1334. The United States District Court for the Western District of Wisconsin's Administrative Order 161, under the authority of 28 U.S.C. § 157(a), refers proceedings arising under or related to title 11 of the United States Code to this Court. Venue is proper in this Court as provided by 28 U.S.C. §§ 1408 and 1409(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as it concerns administration of the estate. The United States Trustee has standing to bring the motion under 11 U.S.C. § 307. Section 307 states that the United States Trustee may raise and may appear and be heard on any issue in any case or proceeding.

---

[10] See Case No. 25-10673, ECF No. 10-1 and attached material, and ECF Nos. 61–67.

As with most motions, the burden of proof under section 109(g) is on the moving party, by a preponderance of the evidence. *In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996) ("A party moving for dismissal under § 109(g)(1) has the burden of introducing evidence to support its averment.").

Code section 109(g) provides that "no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . the case was dismissed by the court for willful failure of the debtor to abide by orders of the court." Debtors previously filed a joint Chapter 7 petition on June 13, 2024. Trustee Hart moved to compel, requesting information from the Debtors.[11] He argued that "[a]lthough the Debtors have a duty pursuant to 11 U.S.C. § 521, the Debtors have not complied with the Trustee's request."[12] He requested an order "compelling the Debtors to turnover to the Bankruptcy Trustee, Brian A. Hart, all documents listed herein no later than seven (7) days after entry of this Order for Turnover and that this matter be continued to a date immediately after the turnover date in order to monitor the Debtors' compliance."[13]

The Court held a hearing on the motion to compel. The Court's proceeding memo from the hearing on Trustee Hart's motion to compel ordered the Debtors to comply with Trustee Hart's requests:[14]

---

[11] Case No. 24-11196, ECF No. 58, ¶ 5.

[12] *Id.*, ¶ 6.

[13] *Id.*, p. 2.

[14] *Id.*, ECF No. 72.

7

```
ORDER:
____ Order to be submitted by: _____ | the Court _____
____ Order at docket no. _____ to be signed
__X_ ORDER: For the reasons stated from the bench, the Motion is granted. Debtors
                                                    must turn over all requested
IT IS SO ORDERED:                                   information on or before
         [signature]                                11/14/24
Catherine J. Furay                          __X__ cc: Debtor(s)
U.S. Bankruptcy Judge                       _____ cc: Pro se party
```

The Debtors ultimately failed to comply with Trustee Hart's request. He moved to dismiss the case for failure to comply with this Court's order.[15] In his motion, he referred to Marilyn Sloniker as "Defendant," and recounted his inability to obtain information from her. He stated that he never received the requested information from her, and that she stated in open court that she refuses to turn over her trust documents. The motion concluded by arguing that the failure to turn over the requested information violated the Debtors' duties under section 521 of the Bankruptcy Code and requested dismissal of the case.

Trustee Hart filed a proof of service showing that his motion was served on the Debtors.[16] The last day for Debtors to object to the motion was March 17. No objection or any other response was filed, and the Court granted Trustee Hart's motion to dismiss on March 19. Debtors filed this case a week later.

---

[15] Case No. 24-11196, ECF No. 117.

[16] *Id.*

8

Ms. Sloniker's 2024 case "was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." 11 U.S.C. § 109(g)(1). Marilyn Sloniker stated on the record that she would not comply with the motion to compel, even when ordered to do so by the Court. She remained persistent in her noncompliance and never turned her trust documents over to Trustee Hart—even after this Court ordered her to do so. This conduct fits squarely within the prohibition of section 109(g)(1) and thus warrants dismissal of her case.

At the hearing in this case, Ms. Sloniker testified that the accounting firm she hired to do her taxes had recently closed and that she had difficulty getting the 2023 tax return requested by Trustee Hart. And in testimony, Trustee Hart agreed that Ms. Sloniker provided some information about her 2023 taxes and that she was having difficulty getting information from her accountant. If the taxes had been the only documents that Ms. Sloniker failed to turn over, the Court would have considered an extension of time to comply with the motion to compel. But Ms. Sloniker's noncompliance went beyond the tax return.

Although Ms. Sloniker testified at the hearing on the motion to dismiss in this case that she disclosed the amount of money she paid for legal advice,[17] and she also confirmed she failed to disclose any communications with the third party. She took the position that requests for various emails and other

---

[17] At the hearing and in the record, the parties allude to an individual named "Coleman." *See* Case No. 25-10673, U.S. Trustee's Exhibits, ECF No. 81, Ex. 2, ¶ 5(e).

9

communications with the third party were a violation of her privacy and uncalled for. She also claimed that she didn't owe any debts, that the U.S. Trustee and Trustee Hart had conflicts of interest in administering her case, and that she was the victim of alleged fraud.[18] None of these claims are a defense to the motion to dismiss. The fact remains that in her 2024 case Ms. Sloniker failed to turn over information requested by Trustee Hart and ordered to be produced by this Court. She said she would not comply even if the Court ordered her to do so.

The U.S. Trustee's motion does not seek to dismiss the case as to Mr. Justo. Even so, under section 727(a)(8), a debtor is ineligible for a discharge if that debtor has been granted a Chapter 7 discharge in a case commenced within 8 years before the filing of the petition. Mr. Justo has received a Chapter 7 discharge in a case commenced within 8 years of the filing of the current petition. Thus, even though the U.S. Trustee does not seek to dismiss Mr. Justo from the case, he is still ineligible for a discharge. At the final hearing on May 14, 2025, during closing arguments the Court inquired, in light of the ineligibility of Mr. Justo for a discharge in this case, whether he agrees this case should be dismissed as to him. The response on behalf of Mr. Justo was that he could "be removed from this case." The Court understands this to mean he consents to dismissal of this case as to him. However, in the interest of

---

[18] In support of this position, Ms. Sloniker presented Exhibits 101 and 102 which include 1099-As. They describe John Deere equipment, and list Ms. Sloniker as the lender and the IRS as the borrower. It's unclear what effect Ms. Sloniker believes these two documents may have. These documents were also introduced at the hearing regarding John Deere's Motion for Relief from Stay.

clarity, the Court will delay entry of an Order of Dismissal as to Mr. Justo to afford him the opportunity to request a hearing on withdrawal of consent to dismissal.

## CONCLUSION

The United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 109(g) is granted as to Debtor Marilyn Sloniker. Marilyn May Sloniker is barred from filing another case until September 15, 2025.

This decision constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: May 21, 2025

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge